## CALEB S. CLEVERLY *vs.* EZRA TOWLE.

A written notice, posted up and published in a newspaper by a field driver who has impounded beasts going at large in a public highway, which states that the beasts were " going at large, and without a keeper," sets forth a sufficient cause of impounding, under Rev. Sts. *c.* 113, § 9.

REPLEVIN of two horses taken up and impounded by the defendant, a field driver of Cohasset, in the town pound of Cohasset.

It was agreed that the horses were going at large in a public highway in Cohasset, not under the care of a keeper, and that the defendant was legally chosen and qualified as a field driver of that town, and took and impounded them in a lawful manner, if his notices were sufficient.   The notice posted in Cohasset and in the adjoining towns was as follows : " Cohasset, July 25, 1859.   I this day have taken, at 8, P. M., two horses, going at large, and without a keeper, within one hundred and fifty rods of my residence, and impounded them in the town's pound in Cohasset: one a red horse, with a short switch tail ; one a chestnut color, with a white star in the forehead, and a short switch tail, and left in the care of Rufus Fish, pound keeper, the owner to me unknown.   Ezra Towle, field driver."   The notice left with the pound keeper, and that published in the newspaper, were substantially in the same form.

On these facts, judgment was rendered in the superior court for the plaintiff, and the defendant appealed.

*J. J. Clarke*, for the defendant.

*E. Avery*, for the plaintiff, cited Rev. Sts. *c.* 113, § 9 ; *c.* 19, § 22 ; *Sanderson* v. *Lawrence*, 2 Gray, 178 ; *Sherman* v. *Braman*, 13 Met. 407.

MERRICK, J. It is contended by the plaintiff that the notices posted up and published by the defendant were not such as he was required by law to give, upon taking up and impounding the horses. The alleged deficiency consists in the omission, in the statement of the cause for which they were taken up, to show that they were, when taken up, going at large and not under the care of a keeper, " in one of the public highways in the town of Cohasset." And he objects that this deficiency invalidates all the proceedings of the defendant, and makes him a trespasser *ab initio*. But this objection cannot be maintained ; for all the purposes of the statute, in relation to the notices to be given in such cases, were substantially complied with. There are but two causes for which animals can lawfully be taken up by a field driver and impounded in the town pound. He may take them up, in the first place, when they are at large without a keeper in highways or town ways, or on common and unimproved land ; or as the agent of a private proprietor other than the owner, when they are unlawfully upon his inclosed or improved land, doing or having done damage there. In either of these cases the animals may be impounded, and then the notices required by law are to be given, containing a description of the animals, and a statement of the time, place and cause of impounding. Rev. Sts. *c.* 19, § 22 ; *c.* 113, §§ 1, 2, 8, 9. Now as the statement that they were taken up when going at large and not under the care of a keeper is inconsistent with the supposition or assumption that they were distrained as trespassers on the improved lands or within the inclosure of a private proprietor, and would have no tendency to give information to any such effect, it must necessarily, when made by an officer explaining and justifying his official conduct, be understood as referring in the most pointed manner to the only other cause for which

he could legally take up and impound them. It is not essential to the validity of the notices to be given that they should be framed in the very words of the statute; but any form of expression which evinces in a clear and intelligible manner the cause for which the animals were taken up and impounded is sufficient. This we think is done in the notices which were posted up and published by the defendant. They contain in substance a representation that the horses " were in the highway," because that fact is imported in the statement that they were " at large, and without a keeper." It is noticeable that the legislature, in framing the provisions of § 1 of *c.* 113 of the Revised Statutes, when referring to the taking up and impounding of animals by virtue of the provisions of *c.* 19, § 22, omitted the words " in the highways or on common lands," but used such as the defendant did in his notices, which were deemed to be an equivalent expression. As none of the defendant's proceedings have been found to be incorrect or unauthorized, he is fully justified in his acts in taking and impounding the horses, and this action cannot therefore be maintained against him therefor.

*Judgment for the defendant for a return, with nominal damages.*